```
            UNITED STATES DISTRICT COURT
          SOUTHERN DISTRICT OF WEST VIRGINIA
                    AT CHARLESTON
```

**KALI EUSI YOUNG,**

      Movant,

v.                                    Civil Action No. 2:24-cv-00441
                                      Criminal Action No. 2:20-cr-04

**UNITED STATES OF AMERICA,**

      Respondent.


## MEMORANDUM OPINION AND ORDER

Pending is movant's "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" (ECF 49), filed July 26, 2024, in which he alleges that 18 U.S.C. § 922(g)(1) as applied to the movant violates his constitutional rights under the Second Amendment.  ECF No. 49.

### I.   Background

The movant pled guilty to a single-count information charging him with being in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).  See Criminal Action No. 2:20-00004, ECF Nos. 18, 20, 21.  The movant was sentenced on July 7, 2020, to a 96-month term of imprisonment to be followed by a three-year term of supervised release.  See Id., ECF Nos. 29, 30, 32.  The movant did not file a direct appeal.

On July 26, 2024, the movant filed a motion entitled "Motion to Dismiss Section 922(g)(1)." ECF No. 49.  The magistrate judge, having examined movant's motion, concluded it should be construed as a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody.  ECF No. 51.  The movant was given due notice that he had until September 23, 2024, to object to the re-characterization of his motion, in the absence of which the motion would be construed as a Section 2255 motion.  He failed to file any response.

On January 14, 2025, Magistrate Judge Omar J. Aboulhosn filed the Proposed Findings and Recommendation ("PF&R") pursuant to which objections were due January 31, 2025.  ECF No. 53.  Thereafter, on February 3, 2025, the magistrate judge filed an Amended Proposed Findings and Recommendation ("APF&R") in which the only amendment was to add the word "not" on the fifth line of the fifth page.  ECF No. 56.

On February 4, 2025, the court entered an order granting movant's pro se "Motion For An Extension," in which the deadline to file objections to the APF&R was set for February 20, 2025.  ECF Nos. 54, 57.  On February 25, 2025, the movant filed "Movant's Response to Recommendations," in which he objects to the magistrate judge's APF&R.  ECF 59.  Although the movant's objections were received late, the court notes that the objections were postmarked

February 15, 2025.  Id.  The court deems the movant's objections to the APF&R as timely.

## II. Governing Standard

Upon an objection to the PF&R, the court reviews de novo only "those portions of the report ... to which objection is made." 28 U.S.C. § 636(b)(1); see also Howard's Yellow Cabs, Inc. v. United States, 987 F. Supp. 469, 474 (W.D.N.C. 1997)("De novo review is not required when a party makes general or conclusory objections that do not direct the court to a specific error ...."); United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007); Opriano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982).  "Absent a specific and timely filed objection, the court reviews only for 'clear error,' and need not give any explanation for adopting the [PF&R]."  United States v. Hernandez-Aguilar, 359 F. Supp. 3d 331, 334 (E.D.N.C. 2019).

## III. Discussion

The APF&R recommends that movant's "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" be denied.  First, the magistrate judge determined that the movant failed to demonstrate that the motion was filed within the statutory one-year period, as noted below.  APF&R at 6.  Second, the magistrate judge found no circumstances

that would permit the equitable tolling of the limitations period. Id. at 8.

A one-year period of limitation governs the filing of motions for collateral relief under 28 U.S.C. § 2255 which begins to run pursuant to the circumstances specified in section 2255(f)(1)-(4).[1] In the APF&R, the magistrate judge first considered the timeliness of movant's motion under Section 2255(f)(1) which permits the filing of such a motion within one year of the date in which the judgment of conviction becomes final. The magistrate judge aptly concluded that it was "clearly untimely" under that provision inasmuch as movant filed the motion approximately two years and eleven months after the one-year period following the judgment of his conviction expired. APF&R at 4.

Next, after noting that the movant did not raise arguments alleging that his motion was timely pursuant to sections 2255(f)(2) or (4), the magistrate judge considered the timeliness

---

[1] The one-year limitation period runs from the latest of:
(1) the date on which the judgment of conviction becomes final;
(2) the date on which the impediment to making the motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.
28 U.S.C. § 2255(f).

of the movant's motion under section 2255(f)(3) which permits the one-year period to run from the date on which a new right is recognized by the Supreme Court where that new right is retroactively applicable to cases on collateral review.  Id.

The magistrate judge found no merit in the movant's argument under section 2255(f)(3) that because of a new rule of constitutional law, which movant claims is retroactively applicable, his motion is timely.  APF&R at 4.  First, the magistrate judge determined that the movant's reliance on a new rule of constitutional law in New York State Rifle & Pistol Association Inc. v. Bruen, 597 U.S. 1, 142 S. Ct. 2111, 213 L.Ed.2d 387 (2022) is misguided.  Id.  As the magistrate judge observed, "neither the United States Supreme Court nor the Fourth Circuit has held that Bruen applies retroactively to cases on collateral review."  Id. at 5.  The magistrate judge further noted that, to the extent the movant relies upon the following two cases, neither the opinion in Range v. United States, 69 F.4th 96 (3rd Cir. 2023) nor the opinion in United States v. Bullock, 679 F.Supp.3rd 501 (S.D.Miss. June 28, 2023) is binding authority.  Id. at 4.

The magistrate judge then concluded that there are no extraordinary circumstances justifying equitable tolling of the limitation period.  APF&R at 8.  Specifically, the movant failed to demonstrate he was denied the opportunity to present his claim

in a timely manner due to either any factor beyond his control or government misconduct.  Id.

In his objections, the movant reiterates his argument that 18 U.S.C. § 922(g)(1) as applied violates his constitutional rights under the Second Amendment.  The movant sets forth several reasons as to why his motion, contrary to the magistrate judge's conclusion, should not be time barred.  First, the movant notes that he did not file his motion under Bruen.  ECF No. 59 at 2.  Rather, the movant asserts that he filed his motion under Range, where the Third Circuit held that Section 922(g)(1), as applied to Bryan Range, was unconstitutional and Bryan Range could not be stripped of his Second Amendment rights after he pleaded guilty to making a false statement on his food stamp application.  See Range, 69 F.4th at 106.  The movant appears to assert that the court has the discretion to hear his claims, which he argues warrants equitable tolling according to "the Supreme Court ruling."  Id. Further, the movant alleges that there are multiple cases, noted below, that support his claim.  Id.  Finally, the movant asks that the court "uphold its decision based on President Donald J. Trump's executive order protecting second amendment rights," which the court finds is inapplicable.  Id. at 3.

A. <u>Timeliness</u>

To the extent that the movant objects to the APF&R on the ground that his Section 2255 Motion is timely under section 2255(f)(3) and that Section 922(g)(1) is unconstitutional, the court overrules the objection.

As accurately set forth in the APF&R, neither the Supreme Court nor the Fourth Circuit has held that *Bruen* applies retroactively to cases on collateral review. <u>See</u> <u>In re Bruce Murray</u>, No. 23-10958-A, 2023 U.S. App. LEXIS 10241, at *3 (11th Cir. Apr. 26, 2023)("Murray's reliance on *Bruen* as a new rule of constitutional law under § 2255(h)(2) is misplaced, as he 'has not made a *prima facie* showing that [*Bruen*] has been made retroactively applicable by the Supreme Court to cases on collateral review.'"); <u>Williams v. United States</u>, 2023 WL 11932423, *4 (N.D.W.Va. June 15, 2023)("Because *Bruen* did not announce a new constitutional right made retroactively applicable to Petitioner's case on collateral review, Petitioner cannot use the date of that decision as the beginning of a new limitations period under § 2255(f)(3)."); <u>Battles v. United States</u>, 2023 WL 346002, at *1 (E.D. Mo. Jan. 20, 2023)(holding that § 2255 motion was time-barred because *Bruen* "did not announce a new rule retroactively available on collateral review"). Further, the movant failed to file his Section 2255 Motion within one year of the 2022 <u>Bruen</u> decision.

7

In his objections, the movant cites to the following in support of his contention that Section 922(g)(1) is unconstitutional facially and as applied to him: Range v. United States, 69 F.4th 96 (3rd Cir. 2023); and the following federal district court cases in Illinois: United States v. Martin, 718 F.Supp.3d 899 (S.D. Ill. 2024); United States v. Carbajal-Flores, 720 F.Supp.3d 595 (N.D. Ill. 2024); United States v. Crisp, No. 23-CR-30006-SMY, 2024 WL 664462, *1 (S.D. Ill. Feb. 16, 2024); United States v. Cherry, No. 23-CR-30112-SMY, 2024 WL 379999, *1 (S.D. Ill. Feb. 1, 2024).

The movant's reliance on the above referenced cases is foreclosed by the binding precedent articulated in United States v. Canada, 123 F.4th 159, 161 (4th Cir. 2024) and United States v. Hunt, 123 F.4th 697, 700 (4th Cir. 2024).  The Fourth Circuit has held that Section 922(g)(1) remains "facially constitutional." See Canada, 123 F.4th at 161.  In Hunt, the Fourth Circuit considered recent Supreme Court precedent and nonetheless concluded that "neither *Bruen* nor *Rahimi* abrogates this Court's precedent foreclosing as-applied challenges to Section 922(g)(1)..." See Hunt, 123 F.4th at 700.  In Hunt, the Fourth Circuit explained that a person convicted of a felony "cannot make out a successful as-applied challenge to Section 922(g)(1) 'unless the felony is pardoned or the law defining the crime of conviction

is found unconstitutional or otherwise unlawful.'" Id. Consequently, the movant fails to satisfy the requirements set forth by 28 U.S.C. 2255(f)(3) to render his motion timely.

Next, the magistrate judge persuasively concluded that sections 2255(f)(2) and 2255(4) likewise do not apply to movant's case since he has not claimed that the government acted to impede his ability to file a motion, nor has he alleged that new facts now exist to support his claims. APF&R at 4.

Finally, movant's motion is plainly untimely under section 2255(f)(1) after being filed approximately two years and eleven months after the one-year period following the judgment of his conviction expired. APF&R at 4.

The court finds no error in the magistrate judge's conclusion that movant's motion is untimely pursuant to 28 U.S.C. § 2255(f)(1)-(4).

B. <u>Equitable Tolling</u>

The limitation period set by Section 2255 is subject to equitable modifications such as tolling. <u>United States v. Prescott</u>, 221 F.3d 686, 688 (4th Cir. 2000). Here, there are no extraordinary circumstances that would justify not enforcing the limitation period against the movant. As observed by the magistrate judge, the movant makes no allegations that the

government in any way contributed to the delay in his filing. APF&R at 8. Further, the movant does not demonstrate the existence of factors beyond his control that prevented him from presenting his claim in a timely manner. See Harris v. Hutchinson, 209 F.3d 325, 330(4th Cir. 2000)("any resort to equity must be reserved for those rare instances where - due to circumstances external to the party's own conduct - it would be unconscionable to enforce the limitation period...")

As a result, the court concludes that the magistrate judge correctly determined that movant cannot establish that his Section 2255 motion was timely under section 2255(f), and that no circumstances exist to permit equitable tolling.

Accordingly, it is ORDERED that:

1. The movant's objections (ECF No. 59) be, and hereby are, overruled;

2. The findings and recommendation in the Magistrate Judge's Amended Proposed Findings and Recommendation (ECF No. 56) be, and hereby are, ADOPTED by the court and incorporated herein;

3. The movant's pro se "Motion Under 28 U.S.C. 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" (ECF No. 49) be, and hereby is, denied; and

    4. This action be, and hereby is, DISMISSED from the docket of this court

The Clerk is directed to transmit copies of this order to all counsel of record, any unrepresented parties, and the United States Magistrate Judge.

                                  ENTER: May 12, 2025

                                  John T. Copenhaver, Jr.
                                  Senior United States District Judge